FILED
U.S. DISTRICT COURT

2005 NOV -1  A 8: 52

     WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BELLE CHASSE MARINE TRANSPORTATION, INC., AS OWNER AND OPERATOR OF THE M/V GABRIEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 04-3368<br><br>SECTION "K" (1) |

### ORDER

A stipulation was filed by Bryant Landry, the sole remaining claimant in these proceedings. Counsel for Belle Chasse Marine Transportation Company, Inc. ("Belle Chasse") has informed the Court that there is no opposition to the motion provided that Stipulation No. 4 be struck from the proffered Stipulation. The Court finds No. 4 to be an allegation more than a stipulation, and that the insurance policy at issue will speak for itself.

Accordingly, as Stipulation No. 4 is not germane to the necessary elements required for a stipulation the Court orders it be **STRICKEN** and **ADOPTS** the Proffered Stipulation, Nos. 1, 2, 3, and 5, as amended.

Additionally, in order for the court to lift this stay, it must find that the claimants:

a) have filed their respective claims in the limitation proceeding;

b) have agreed that the amount of the limitation must be resolved in the federal court, and that the federal court has retained jurisdiction in the event that issue has

___ Fee_____
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

       to be resolved where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee and the claimants have not conceded the value of the vessels;

c)      have consented to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court; and

d)      have conceded petitioner shipowners' right to litigate all issues relating to limitation in the limitation proceeding.

*In re Two "R" Drilling Co.*, 943 F.2d 576, 578 (5th Cir.1991). Furthermore, exoneration is not a requirement in the stipulation. *In Re Tidewater, Inc.* C.A. No. 99-30424 (5th Cir. 2001).

Having reviewed the stipulation, the Court finds that the stipulation, as amended, contains the prerequisites necessary to ensure that the Court shall retain exclusive jurisdiction over the limitation, and that any decision rendered in a state court venue will not be res judicata as to any issue involved in the limitation. Accordingly,

**IT IS ORDERED** that the stay order entered herein on December 14, 2004 is hereby **LIFTED** and that Bryant Landry, Claimant/Respondent in Limitation, is hereby granted leave to proceed in state court for the purpose of seeking adjudication of his personal injury damages claims, subject to the stipulations, as amended, on file.

**IT IS FURTHER ORDERED** that pending the resolution of these matters in state court, this limitation is **STAYED** and statistically **CLOSED** to be reopened upon appropriate motion by petitioners for limitation.

Houma, Louisiana, this 31st day of October, 2005.

                                    STANWOOD R. DUVAL, JR.
                             UNITED STATES DISTRICT COURT JUDGE